**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**HELEN M. HUA**                                                                         **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 2:15-CV-133-KS-MTP**

**SHELTER FINANCIAL CORPORATION**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Shelter Financial Corporation's ("Shelter Financial") Motion to Dismiss, or in the Alternative, to Substitute the Proper Party ("Motion to Dismiss") [2].  After considering the submissions of the party, the record, and the applicable law, the Court finds the motion to be well taken and should be granted.

## I.  BACKGROUND

Plaintiff Helen M. Hua ("Plaintiff") originally filed this action on June 23, 2015, in the Circuit Court of Lamar County, Mississippi, against the entity "Shelter Insurance."  In her Complaint, she alleged that she had an insurance policy with Shelter Insurance and brought claims stemming from the insurance company's failure to pay her claims.  (State Court Documents [1-2] at pp. 2-4.)  Plaintiff filed her Amended Complaint on September 8, 2015, against Shelter Financial, claiming it was the company through which she had her insurance policy.

Shelter Financial removed the action to this Court on October 2, 2015, on the basis of diversity jurisdiction.  It then filed the current motion on October 8, 2015, alleging that Plaintiff's insurance policy was with a different corporate entity, Shelter Mutual Insurance Company ("Shelter Mutual"), and producing a copy of the policy as proof.  (*See* Policy [2-1].)

## II.  DISCUSSION

Plaintiff does not deny that her insurance policy was with Shelter Mutual, not Shelter Financial. She contends, though, that the two entities had a "close business nexus" so as to properly impute liability from Shelter Mutual to Shelter Financial. She argues that the fact that the two companies shared the same president, secretary, and business address is proof of this. Plaintiff seems to be implicitly asking the Court to essentially pierce the corporate veil and hold Shelter Financial liable for the alleged misconduct of Shelter Mutual, a separate corporate entity.

In order to pierce the corporate veil under Mississippi law, Plaintiff must demonstrate: "(1) some frustration of expectations regarding the party to whom [she] looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So.2d 427, 431 (Miss. 2007) (citing *Gray v. Edgewater Landing Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989)). Piercing the corporate veil, though, is only done under "extraordinary factual circumstances where to do otherwise would subvert the ends of justice." *Id.* Such extraordinary factual circumstances are not alleged in Plaintiff's Amended Complaint. Even if Plaintiff's allegations of shared officers and addresses were properly pleaded, "[t]he corporate entity is not to be disregarded because of mutuality of corporate names, stockholders and officers." *United States v. State Tax Comm'n of State of Miss.*, 505 F.2d 633, 637 (5th Cir. 1974). The test is whether Shelter Mutual "as a corporation actively owned and conducted its own business," and Plaintiff has offered no argument or allegations that it did not do so. *Id.*

Therefore, Shelter Financial, as a separate and independent corporation, cannot be held liable for the actions of Shelter Mutual, and all claims against it must be dismissed. Shelter Financial's Motion to Dismiss [2] will be **granted**. As Shelter Financial is the only defendant named in this action, this case will be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Shelter Financial's Motion to Dismiss [2] is **granted**.

SO ORDERED AND ADJUDGED this the 21st day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE